UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | BKY Case No. 21-41996 |
| | Chapter 7 |
| Richard Donald Misco, | |
| Debtor. | |

| | |
|---|---|
| TruStone Financial Federal Credit Union, | |
| Plaintiff, | |
| vs. | Adv. Case No. 21-04078 |
| Richard Donald Misco, | ***NOTICE AND MOTION*** |
| Defendant. | ***FOR DEFAULT JUDGMENT*** |

TO:   Debtor and Attorney for Debtor.

1. TruStone Financial Credit Union, Plaintiff in the above Adversary case, by its attorney, moves the Court for the relief requested below, and gives notice of hearing herewith.

2. The court will hold a hearing on this motion at **10:00 am** on **Wednesday, February 23, 2022**, before the Honorable Michael E Ridgway, in courtroom No. 7 West, at the United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415.

3. Any response to this motion must be filed and served not later than Friday, February 18, 2022, which is five days before the time set for the hearing (including Saturdays, Sundays, and holidays). UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING. If a hearing is held it may proceed telephonically, in which case the court will send call instructions.

4. This motion arises under Fed. R. Civ. P. 55, incorporated by Fed. R. Bank. P. 7055, and Local Rule 7055-1.

Dated: February 2, 2022          /s/ Brad D. Welp                    .
                                 Brad D. Welp, 0344497
                                 2860 Patton Rd - Roseville MN 55113
                                 651-366-6380 – bradwelp@szjlaw.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | BKY Case No. 21-41996 |
| Richard Donald Misco, | Chapter 7 |
| Debtor. | |

| | |
|---|---|
| TruStone Financial Federal Credit Union,<br>Plaintiff,<br>vs.<br>Richard Donald Misco,<br>Defendant. | Adv. Case No. 21-04078<br><br>***AFFIDAVIT OF DEFAULT*** |

STATE OF MINNESOTA  )
                    ) ss.
COUNTY OF RAMSEY    )

I, Brad D. Welp, attorney for TruStone Financial Credit Union ("Plaintiff"), being duly sworn on oath, deposes and says, as follows:

1. No defense or other response of any kind has been received by Plaintiff's counsel in the above matter.

FURTHER AFFIANT SAITH NOT.

_____
Brad D. Welp

Subscribed and sworn to before me
this 1st day of February, 2022.

_____
(Notary Public)

JOHANNA ELAINE OBERLANDER
Notary Public-Minnesota
My Commission Expires Jan 31, 2025

-1-

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re:<br><br>Richard Donald Misco,<br>　　　　　Debtor. | BKY Case No. 21-41996<br>Chapter 7 |
| TruStone Financial Federal Credit Union,<br>　　　　　Plaintiff,<br>vs.<br><br>Richard Donald Misco,<br>　　　　　Defendant. | Adv. Case No. 21-04078<br><br>***AFFIDAVIT OF IDENTIFICATION,<br>RESIDENCE AND NON-MILITARY*** |

STATE OF MINNESOTA　　　)
　　　　　　　　　　　　　) ss.
COUNTY OF RAMSEY　　　　)

Brad D. Welp, being first duly sworn on oath, deposes and states as follows:

1. I am an attorney with Stewart, Zlimen & Jungers, Ltd., attorneys for the Plaintiff in the above-entitled matter, and I make this Affidavit to the best of my knowledge, information, and belief.

2. The full name of the Defendant in the action above entitled is: Richard Donald Misco. The place of residence of the Defendant is as follows: 501 Theodore Wirth Pkwy Apt 219, Minneapolis, MN 55422

3. On information and belief, the Defendant is not now and has not been in active military service with the United States of America at any time during this action as evidenced by the record of the Department of Defense Manpower Data Center as attached hereto.

_____
Brad D. Welp

Subscribed and Sworn to before me
this 1st day of February, 2022.

_____
Notary Public

JOHANNA ELAINE OBERLANDER
Notary Public-Minnesota
My Commission Expires Jan 31, 2025

Department of Defense Manpower Data Center

Results as of : Feb-01-2022 12:03:40 PM

SCRA 5.12



# Status Report
## Pursuant to Servicemembers Civil Relief Act

| | |
|---|---|
| SSN: | XXX-XX-3256 |
| Birth Date: | Oct-XX-1962 |
| Last Name: | RICHARD |
| First Name: | D |
| Middle Name: | MISCO |
| Status As Of: | Feb-01-2022 |
| Certificate ID: | 87XDDY0Y7PKZQ50 |

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

*Michael V. Sorrento*

Michael V. Sorrento, Director
Department of Defense - Manpower Data Center
400 Gigling Rd.
Seaside, CA 93955

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. § 3901 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service. Service contact information can be found on the SCRA website's FAQ page (Q35) via this URL: https://scra.dmdc.osd.mil/scra/#/faqs. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. § 3921(c).

This response reflects the following information:  (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days  preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1).  Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available.  In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds.  All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support.  This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs).  Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate.  SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction.  The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING:  This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester.  Providing erroneous information will cause an erroneous certificate to be provided.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | BKY Case No. 21-41996 |
| Richard Donald Misco, | Chapter 7 |
| Debtor. | |

| | |
|---|---|
| TruStone Financial Federal Credit Union,<br>Plaintiff,<br>vs. | Adv. Case No. 21-04078 |
| Richard Donald Misco,<br>Defendant. | ***AFFIDAVIT OF MERIT*** |

STATE OF MINNESOTA )
) ss.
COUNTY OF _Hennepin_ )

I, _Kelli Smith_, employee for TruStone Financial Credit Union ("Plaintiff"), authorized by Plaintiff and having knowledge of the facts herein, being duly sworn on oath, deposes and says, as follows:

1. Plaintiff is a Credit Union organized under the National Credit Union Act and doing business in the State of Minnesota.

2. Defendant is an individual residing in the State of Minnesota.

3. On November 1, 2021, Defendant filed the above Chapter 7 petition seeking discharge of his unsecured debts as set forth in the Chapter 7 schedules.

4. Defendant's unsecured debts include a checking account issued by Plaintiff and owned by Defendant bearing an account number ending in -1000 (the "Account").

5. On July 1, 2021, Defendant deposited two (2) checks into his checking account with Plaintiff in the amounts of $5,790.00 and $9,780.00 (collectively, "Returned Checks").

Case 21-04078   Doc 9   Filed 02/02/22   Entered 02/02/22 13:19:44   Desc Main
           Document      Page 7 of 14

6.     Both checks were returned as forgeries, which overdrew Defendant's checking account in the amount of $13,112.76.

7.     I attest that attached to Plaintiff's Complaint as Exhibit A is a true and correct copy of the June 30, 2021, check for $5,790.00, returned for forgery.

8.     I attest that attached to Plaintiff's Complaint as Exhibit B is a true and correct copy of the July 1, 2021, check for $9,780.00, returned for forgery.

9.     Based upon Forgery notations on the Returned Checks, either Defendant did not have an account with Citizens Bank or had insufficient funds in his account at the time he deposited the Returned Checks with Plaintiff.

10.    I attest that attached to Plaintiff's Complaint as Exhibit C is a true and correct copy of the July 19, 2021, demand from Plaintiff to Defendant for payment of the overdrawn amount of $13,112.76 from Defendant's checking account, which remains due.

11.    Defendant failed to repay any of the overdrawn amount.

FURTHER AFFIANT SAITH NOT.

Trustone Financial Federal Credit Union

By: Kelly J Smith

Its: Loss Prevention VP

Subscribed and sworn to before me
this 27 day of Jan, 2022.

_____
(Notary Public)



NICOLE ELIZABETH STROMATH
NOTARY PUBLIC
MINNESOTA
My Commission Expires Jan. 31, 2022

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

In re:                                                                                                              BKY Case No. 21-41996
                                                                                                                    Chapter 7
Richard Donald Misco,

  Debtor.

---

TruStone Financial Federal Credit Union,
                    Plaintiff,
  vs.                                                                                              Adv. Case No. 21-04078

Richard Donald Misco,
                    Defendant.

---

## FINDINGS OF FACT, CONCLUSIONS OF LAW, ORDER
## AND ORDER FOR JUDGMENT

---

The above-entitled matter came on for consideration before the Honorable Judge Michael E. Ridgway, upon Plaintiff's Application for Default Judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure, incorporated by Federal Rules of Bankruptcy Procedure 7055 and Local Rule 7055-1. Plaintiff was represented by legal counsel, Brad D. Welp, of Stewart, Zlimen & Jungers, Ltd.

The Court, based upon the Request for Default, all Affidavits, and all of the pleadings herein, having considered the matter, and after reviewing all of the records, files and proceedings herein, hereby makes the following:

### FINDINGS OF FACT

1. A Summons and Complaint giving rise to the present action were duly served upon the Defendant, Richard Donald Misco, on December 13, 2021, and on his attorney on December 2, 2021.

2. Defendant Misco is in default for failing to Answer or otherwise respond herein.

3. Defendant Misco is indebted to Plaintiff in the amount of $13,112.76, as of January 27, 2022.

4. The debt owed to Plaintiff arises from two forged checks presented to Plaintiff and which overdrew Defendant's checking account.

5. The Debtor obtained the overdrawn funds from Plaintiff under false pretenses, false representations or actual fraud.

6. The Amount Due is as follows: Overdrawn amount of $13,112.76.

7. Plaintiff has incurred costs of $350.00 in this action and is entitled to an award thereof.

Based upon the foregoing, the Court hereby makes the following:

## CONCLUSIONS OF LAW

1. Pursuant to Rule 55 of the Federal Rules of Civil Procedure, Bankruptcy Rule 7055, and Local Rule 7055-1, Plaintiff is entitled to default judgment against Richard Donald Misco for the relief requested in the Complaint.

2. The debt owed by Defendant Misco to Plaintiff is not dischargeable by the Defendant pursuant to 11 U.S.C. §§ 523(a)(2)(A).

Based upon the foregoing, the Court hereby makes the following:

## ORDER AND ORDER FOR JUDGMENT

1. Plaintiff's Application for Default Judgment is hereby, GRANTED.

2. Plaintiff shall have and recover from Defendant the sum of $13,112.76, and costs of $350.00, for a total of $13,462.76.

3. Defendant's debt to Plaintiff in the amount of $13,462.76, is hereby excepted from discharge under 11 U.S.C. §§ 523(a)(2)(A).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:_____               **BY THE COURT:**

 

                                                    The Honorable Michael E. Ridgway

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

In re:                                                                                              BKY Case No. 21-41996

Chapter 7

Richard Donald Misco,

    Debtor.

---

TruStone Financial Federal Credit Union,
                        Plaintiff,
vs.                                                                                                    Adv. Case No. 21-04078

Richard Donald Misco,
                        Defendant.

---

## JUDGMENT BY DEFAULT

---

    Default was entered against Defendant Richard Donald Misco on _____ . Plaintiff has requested entry of judgment by default and has filed an Affidavit on the Merits including the amount due and an Affidavit of Identification including a statement that this Defendant is not in the military service.

    Furthermore, the record indicates that the Defendant is not an infant or incompetent person. Therefore, pursuant to Fed. R.Civ. P. 55(b)(1), as incorporated by Fed. R. Bankr. P. 7055, judgment is entered against the Defendant and in favor of the Plaintiff as follows:

1.     Plaintiff shall have and recover from Defendant the sum of $13,112.76, plus costs of $350.00, for a total of $13,462.76.

2.     Defendant's debt to Plaintiff in the amount of $13,462.76, is hereby excepted from discharge under 11 U.S.C. §§ 523(a)(2)(A).

Dated:_____         _____, Clerk

At:_____, Minnesota.                       United States Bankruptcy Court

                                                                     By:_____
                                                                        Deputy Clerk

U.S. BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Richard Donald Misco

    Debtor(s).

BKY Case No. 21-41996

_____

Trustone Financial Federal Credit Union,
                        Plaintiff,
vs.
Richard Donald Misco,
                        Defendant.

UNSWORN DECLARATION FOR
PROOF OF SERVICE

Adv. Case No. 21-04078

_____

Brad D. Welp, an agent of Stewart, Zlimen & Jungers, Ltd., attorney(s) licensed to practice law in this court, with office address of 2860 Patton Road, Roseville, MN 55113, declares that on the date set forth below, I served the annexed **Notice and Motion for Default, Affidavit of Default, Affidavit of Identification and Non-Military Status, Affidavit of Merit and Proposed Order and Judgment** upon each of the entities named below by electronic transmission or by mailing to each of them a copy thereof by enclosing same in an envelope with first class mail postage prepaid and depositing same in the post office at Roseville, Minnesota addressed to each of them as follows

--------------------------------------------------------------------------------------------------------------------------

(Debtor(s))
Richard Donald Misco
501 Theodore Wirth Pkwy
Apt 219
Minneapolis, MN  55422

(Attorney for Debtor(s))
Randall K Strand
Randall K Strand PA
1700 W Hwy 36 Ste 200
Roseville, MN  55113

--------------------------------------------------------------------------------------------------------------------------

And I declare, under penalty of perjury, that the foregoing is true and correct.


Dated: February 2, 2022      Signed: /s/ Brad D. Welp

--------------------------------------------------------------------------------------------------------------------------

Richard Donald Misco
501 Theodore Wirth Pkwy
Apt 219
Minneapolis, MN  55422

Randall K Strand PA
1700 W Hwy 36 Ste 200
Roseville, MN  55113